IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 0:16-cv-62380

SREAM, INC., a California Corporation,

        Plaintiff,

v.

ROACH CORP., a Florida Corporation,

        Defendant.
_____/

## COMPLAINT

The Plaintiff, SREAM, INC., by and through its undersigned counsel, hereby brings this action against the Defendant, ROACH CORP., and states as follows:

### Jurisdictional Allegations

1. This is a civil action against the Defendant for counterfeiting, trademark infringement, false designation of origin and unfair competition under the Lanham Act (15 U.S.C. §§ 1051 *et seq*.).

2. This court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. §§ 1051 et seq., 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademark) and 28 U.S.C. § 1338(b) (unfair competition), and jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) in that the claims arise in this Judicial District, the Defendant transacts business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.  The Defendant is subject to the general and specific personal jurisdiction of this Court because of its contacts with the State of Florida.

4. This Court has personal jurisdiction over the Defendant.  Amongst other things, the Defendant has engaged in trademark infringement and counterfeiting in this judicial district.

5. Furthermore, the Defendant has engaged in continuous and systematic business in Florida, and derives substantial revenues from commercial activities in Florida. Specifically, the Defendant has offered for sale, sold, and distributed, infringing and counterfeit merchandise to persons within this State in the ordinary course of trade.

6. The Plaintiff, Sream, Inc., is a corporation incorporated in the State of California, which conducts business in the State of Florida as "Roor USA". The Roor product is sold in the State of Florida, specifically in Broward County, Florida.

7. The Defendant is engaged in the retail sale of counterfeit RooR branded water pipes in Broward County, Florida.

**Factual Allegations**

8. RooR is an award-winning designer and manufacturer of glass products. RooR is widely recognized and highly acclaimed for its ornate and innovative products, including its borosilicate jointed-glass water pipes, parts, and accessories related thereto. It is one of the leading companies in the industry and has gained numerous awards and recognition for its innovative products and designs.

9. For nearly two decades, RooR has distinguished itself as the premiere manufacturer of glass water pipes. This is because of RooR's unwavering use of quality materials and focus on scientific principles.

10. RooR's painstaking attention to detail is evident in many facets of authentic RooR products. It is precisely because of the unyielding quest for quality and unsurpassed innovation that RooR products have a significant following and appreciation amongst consumers in the United States.

11. Since at least August 2013, the Plaintiff Sream, Inc. has been the exclusive licensee of the RooR Mark in the United States. By the terms of the RooR-Sream agreement, Sream, Inc. has manufactured water pipes under the RooR Marks (defined infra). Sream, Inc. also advertises, markets, and distributes water pipes, water pipe parts, and other smoker's articles in association with the RooR Marks. All of these activities are made with RooR's consent and approval, and in accordance with RooR's strict policies.

12. RooR has spent substantial time, money and effort in developing consumer recognition and awareness of the RooR trademarks. This recognition is also due, in part, to the collaborative efforts of Sream, Inc. Through the extensive use of the mark, RooR and its

exclusive licensee Sream, Inc., have built up and developed significant goodwill in the entire RooR product line.  A wide array of websites, magazines, and specialty shops include advertising of RooR's products which are immediately identifiable.  RooR is the exclusive owner of federally registered and common law trademarks.  The following is a partial (non-exhaustive) list of RooR's trademarks (Collectively hereinafter referred to as the "TRADEMARK"):

  a. U.S. Trademark Registration Number 3,675,839 for the word mark "RooR" and its logo in association with goods further identified in registration in international class 034.

  b. U.S. Trademark Registration Number 2,307,176 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international classes 025 and 034.

  c. U.S. Trademark and Registration Number 2,235,638 for the word mark "RooR" and its logo identified below in association with goods further identified in the registration in international class 021.

  d. Common law and unregistered state law rights in the following variants of the RooR marks.

13. The superiority of RooR products is not only readily apparent to consumers, who seek RooR's higher quality glass in the marketplace, but to industry professionals as well.  RooR's unique style and functional superiority has earned the brand accolades in leading trade magazines and online publications.  It is because of the recognized quality and innovation associated with RooR branded products that consumers are willing to pay higher prices for them.  For example, a RooR-branded 45 cm water pipe retails for $300 or more, while a non-RooR product of equivalent size will usually sell for less than $100.

14. It is exactly because of the higher sale value of "real" RooR branded products that RooR products are targets of counterfeiters.

15. These stores, such as the Defendant's store, tarnish the RooR brand by selling counterfeit products affixed with the RooR Marks.  The RooR Marks are affixed to substantially inferior products, leading to significant illegitimate profits.

16. In order to protect the RooR Marks, Sream, Inc. has been granted all enforcement rights to sue to obtain injunctive and monetary relief for past and future infringement of the RooR Marks.

17. In this case, the Defendant is in the business of selling goods, including water pipes.

18. The Defendant has sold goods, with many marks, including those alleged to be the TRADEMARK registered to RooR.

19. The Defendant does not have RooR's consent to sell products that are not genuine RooR goods.

20. In fact, the Defendant sold a pipe with the fake ROOR TRADEMARK, which is in fact a counterfeit; a copy of the evidence of the counterfeit product purchased from the Defendant, as well as the purchase receipt is attached hereto as Exhibit "A".

21. The inspection of the purchased item confirmed that the item the Defendant sold was a counterfeit.

22. The water pipe, which donned the alleged TRADEMARK, was sold for a profit in the ordinary stream of commerce.

23. The water pipe contained the alleged TRADEMARK and is competing with the genuine RooR goods, which contain the real TRADEMARK.

24. There is a likelihood of confusion in the marketplace as the water pipe that was sold contained the fake TRADEMARK, and was the exact same type of good sold by RooR.

25. The fake TRADEMARK is substantially similar to the genuine TRADEMARK, and there is a substantial likelihood that it creates a false affiliation to RooR.

26. RooR is not the origin of the water pipe that was sold, and it is not receiving the benefit of the TRADEMARK, or any profits of the sale of the water pipe containing its name and TRADEMARK.

27. Furthermore, the goods being sold by the Defendant are freely transferrable across state lines, and likely originate outside the state of Florida.

28. RooR did not sell the fake products to the Defendant or its agents, and the product that is being sold is indeed a fake.

29. The products being sold with the alleged TRADEMARK are being sold by the Defendant, and they are being passed off as a "real" RooR product, without RooR receiving any benefit from the purchase and sale by the Defendant.

30. The Defendant, as a merchant and seller of goods, knew or should have known that the products it is selling are counterfeit.

31.     The Defendant sold the fake RooR product out of Defendant's store and/or distributed the same with inferior materials and inferior technology.

32.     The Defendant's use of images and names similar or identical to the RooR TRADEMARK, confuses customers and aids in the promotion and sales of the unauthorized and counterfeit product.

33.     The Defendant's actions have confused and deceived, or threatened to confuse and deceive, the consuming public concerning the source and sponsorship of the Counterfeit RooR-branded products sold and distributed by the Defendant.

34.     By their wrongful conduct, the Defendant has diminished the goodwill of the RooR TRADEMARK.

35.     Furthermore, the sale and distribution of the counterfeit goods by the Defendant has infringed upon the above-identified federally registered TRADEMARK.

36.     The Defendant has offered to sell, and sold counterfeit goods, consisting of reproductions and/or copies of products bearing the RooR TRADEMARK.

37.     As stated above, the Defendant's use of the RooR TRADEMARK was without Plaintiff's authorization.

38.     Due to the actions of the Defendant, the Plaintiff has been forced to retain the undersigned attorney, and is responsible for paying its reasonable costs and expenses.

## Count I - Trademark Infringement, 15 U.S.C. § 1114

39.     Plaintiff incorporates here by reference the allegations in paragraphs 1 through 38 above.

40.     RooR is the legal owner of the federally registered RooR TRADEMARK.

41.     Sream, Inc., is the exclusive licensee of the RooR TRADEMARK in the United States, and has been granted all enforcement rights to obtain injunctive and monetary relief for past and future infringement of the RooR TRADEMARK.

42.     The RooR TRADEMARK is valid, protectable and distinctive trademarks that RooR continuously used to promote its goods for almost two decades, of which Sream, Inc. has participated in since at least 2013.

43.     A substantial segment of the relevant purchasing public recognizes the RooR TRADEMARK as originating from and/or approved by RooR, and/or its exclusive U.S. licensee, the Plaintiff.

44. The Defendant has offered to sell, and sold counterfeit products, with marks, the same as, or confusingly similar to RooR's federally registered RooR TRADEMARK in violation of 15 U.S.C. § 1114.

45. The Defendant sold a counterfeit water pipe, bearing one or more of the RooR TRADEMARKS, and has passed off such counterfeits as authorized products from RooR.

46. The Defendant was never provided license, permission, or consent to sell counterfeit products by the rights holders to the RooR TRADEMARK and/or its exclusive licensee.

47. The Defendant's use of confusingly similar imitations of the RooR TRADEMARK is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Defendant's products are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by RooR, or are associated or connected with RooR and/or Sream, Inc.

48. The Defendant utilized the RooR TRADEMARK in order to create consumer confusion. As such the Defendant has created consumer confusion, specifically, confusion as to an affiliation or association between RooR and the counterfeit product.

49. At no time did the Defendant have the authorization, legal right, or consent to engage in such activities in disregard of RooR / Sream, Inc.'s rights in the RooR TRADEMARK.

50. The Defendant's actions complained of herein were intentional, willful, and malicious, with a deliberate intent to trade on the goodwill associated with the federally registered RooR TRADEMARK.

51. The Defendant has made profits by selling counterfeit products bearing the RooR TRADEMARK.

52. As a proximate result of the Defendant's actions in unlawfully selling Roor counterfeit products, RooR / Sream, Inc. has suffered losses.

53. The Defendant's acts in selling the counterfeit product were committed, and continue to be committed, with actual notice of RooR / Sream, Inc.'s exclusive rights and with intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with RooR / Sream, Inc.'s and RooR products.

54. The Plaintiff is entitled to recover three times its actual damages or three times Defendant's profits, whichever is greater, together with Plaintiff's attorneys' fees pursuant to 15

U.S.C. § 1117.

55. In addition, pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing materials in the Defendant's possession.

WHEREFORE, the Plaintiff, SREAM, INC., respectfully requests this Court enter judgment against the Defendant, ROACH CORP., awarding damages, injunctive relief, awarding Attorneys' Fees and Costs, and any further relief this Court deems just and proper.

### Count II - Trademark Counterfeiting, 15 U.S.C. § 1116

56. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 38 above.

57. Counterfeiting has been recognized as a serious issue resulting in tremendous losses to American businesses. To combat counterfeits, Congress passed the "Anti-counterfeiting Consumer Protection Act of 1966" (ACPA).

58. The Defendant's actions constitute the use by the Defendant of one or more "counterfeit mark" as defined in 15 U.S.C. §1116(d)(1)(B).

59. The Defendant's unauthorized use of the RooR TRADEMARK on counterfeit products that it has distributed has caused, and is causing consumer confusion about the source and sponsorship of these counterfeit goods.

60. The Defendant's sale of these counterfeit products has caused considerable damage to the goodwill of RooR / Sream, Inc. and diminished the brand recognition of RooR.

61. The sale of the counterfeit product by the Defendant has further resulted in lost profits to Sream, Inc. and has resulted in a windfall for the Defendant.

62. Plaintiff reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

63. Because of the willful nature of the counterfeiting, Plaintiff is entitled to an award of statutory damages of up to $2,000,000 per mark infringed under 15 U.S.C. § 1117(c)(2).

64. In the alternative, and at a minimum, Plaintiff is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits, and treble damages, costs, and reasonable attorney's fees under 15 U.S.C. § 1117(b).

65.    The Defendant's acts of direct and/or contributory counterfeiting have caused, and will continue to cause, the Plaintiff irreparable harm unless enjoined by this Court.

WHEREFORE, the Plaintiff, SREAM, INC., respectfully requests this Court enter judgment against the Defendant, ROACH CORP., awarding damages, injunctive relief, awarding Attorneys' Fees and Costs, and any further relief this Court deems just and proper.

### Count III - False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a)

66.    Plaintiff incorporates here by reference the allegations in paragraphs 1 through 38 above.

67.    The sale and solicitation of the Defendant's counterfeit products, as described above, constitutes false designation of origin which is likely to cause confusion and mistake. Moreover, it will deceive consumers as to the source or origin of such goods or sponsorship or approval of such goods by RooR / Sream, Inc.

68.    As a result of the Defendant's false designation of origin, the Defendant has received profits through the sale of the counterfeit product.

69.    The Defendant's false designation of the origin of its goods, has caused the Plaintiff to suffer losses, and caused the Plaintiff to be deprived of substantial sales of its goods.

70.    Unless restrained by this Court, the Defendant will continue to designate falsely the origin of their goods, causing irreparable damage to the Plaintiff.

71.    Pecuniary compensation will not afford the Plaintiff adequate relief for its resulting losses.

72.    In the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of the Defendant's goods and services.

73.    The Defendant's acts were committed, and continue to be committed, with actual notice of RooR / Sream, Inc.'s exclusive rights and with intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with RooR / Sream, Inc. and genuine RooR products.  Pursuant to 15 U.S.C. § 1117, Plaintiff is therefore entitled to recover three times its actual damages or three times the Defendant's profits, whichever is greater, together with Plaintiff's attorneys' fees.

74. Moreover, the Plaintiff is entitled to an order requiring destruction of all infringing materials in Defendant's possession.

WHEREFORE, the Plaintiff, SREAM, INC., respectfully requests this Court enter judgment against the Defendant, ROACH CORP., awarding damages, injunctive relief, awarding Attorneys' Fees and Costs, and any further relief this Court deems just and proper.

### Count IV - Florida Deceptive and Unfair Trade Practices Act ("FDUPTA")

75. Plaintiff incorporates here by reference the allegations in paragraphs 1 through 38 above.

76. The Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce, in violation of Florida Statute § 501.204.

77. The Defendant has offered for sale, and sold counterfeit products to the general public in the State of Florida.

78. The Defendant's actions were unlawful, as well as unconscionable, unfair and deceptive.

79. The Defendant has violated Florida Statute § 501.204, as described above, and as a result, the Plaintiff has suffered losses.

WHEREFORE, the Plaintiff, SREAM, INC., respectfully requests this Court enter judgment against the Defendant, ROACH CORP., awarding damages, injunctive relief, awarding Attorneys' Fees and Costs, and any further relief this Court deems just and proper.

Dated:  October 4, 2016

    Respectfully submitted,

     /s/ Jamie Alan Sasson____
Jamie Alan Sasson
Florida Bar No.: 10802
Serv513@LegalBrains.com
**THE TICKTIN LAW GROUP, PLLC.**
270 SW Natura Avenue
Deerfield Beach, Florida 33441-1610
Telephone: (954) 570-6757
Facsimile: (954) 570-6760

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 4th day of October 2016, with the Clerk of Court using CM/ECF, which will send a notice of electronic filing to all Parties listed on the Service List.

/s/ Jamie Alan Sasson
Jamie Alan Sasson